UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| John Schwartz and Patricia Schwartz<br><br>Plaintiffs,<br>v.<br><br>Northstar Location Services, LLC, Ted Raymond and Eric West<br>Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here in Pennsylvania.

3. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 et. seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et. seq., as well as other state law tort claims.

## PARTIES

4. Plaintiff John Schwartz (hereinafter "Mr.Schwartz") is a natural person who resides in the Town of Coopersburg, County of Lehigh, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Patricia Schwartz (hereinafter "Mrs. Schwartz") is a natural person who resides in the Town of Coopersburg, County of Lehigh, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Northstar Location Services, LLC, (hereinafter "NLS"), is upon information or belief a business entity organized under the laws of the State of New York with its headquarters located at 4285 Genesee Street, Cheektowaga, New York 14225-1943.

7. At all times relevant to this Complaint, Defendant NLS transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Ted Raymond (hereinafter "Raymond") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Eric West (hereinafter "West") is a natural person employed by Defendant as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff Patricia Schwartz allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, an automobile loan with Chrysler Financial.

11. Mrs. Schwartz allegedly became delinquent on said account and unable to make her monthly payments due to circumstances beyond her control and the vehicle was repossessed, and upon information or belief disposed of by Chrysler Financial at auction.

12. Sometime following the aforementioned repossession and auction of Schwartz's vehicle the alleged account was assigned, placed, sold or transferred to NLS for collection.

13. In or around late Winter and/or Spring of 2007, Defendant NLS by and through its agents/employees began attempts to collect the alleged debt from Mr. and Mrs. Schwartz.

14. In its attempts to collect the alleged debt from Mr. and Mrs. Schwartz, NLS by and through its agents/employees placed approximately three (3) calls to the Schwartz's elderly neighbor, Lloyd Riu. During the calls to Riu, Defendant Raymond repeatedly requested Riu to deliver messages to Mr. and Mrs. Schwartz to return his call immediately, implying that the matter was of an urgent nature. Defendants' repeated communications with Plaintiffs' neighbor violated multiple and numerous provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(b), 1692d, 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

15. In addition to contacting Plaintiffs' neighbor repeatedly, Defendant NLS by and through its agents/employees placed approximately 3-4 calls to Mrs. Schwartz's daughter and Mr. Schwartz's step daughter, August Stanley. During the aforementioned calls to Stanley, Defendants would scream at Stanley and stated,

"this call regards an important matter, I can't say what may happen if my call is not returned." When Stanley asked how they obtained her telephone number and demanded to stop calling her telephone number Defendant stated, "we use whatever means necessary to accomplish our goal, we will continue to call you." Defendants repeatedly harassing and abusive calls to Plaintiffs' daughter/step-daughter violated multiple and numerous provisions of the FDCPA including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(b), 1692d, 1692e, 1692e(10), 1692e(11) and 1692f amongst others.

16. During their attempts to collect the alleged debt, Defendants also placed multiple and numerous telephone calls to the Schwartz residence. During the aforementioned calls, Defendants regularly spoke with Mr. Schwartz demanding immediate payment of the alleged debt. During the calls Defendants would also demean and degrade Mr. Schwartz. Defendant West was particularly harassing and demeaning to Mr. Schwartz stating, "quit hiding behind your answering machine," and "you're not a man, why don't you go and play in your sandbox," in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C §§ 1692d, 1692e, 1692e(10) and 1692f amongst others.

17. Defendant West also stated that defendants would "start legal proceedings" if the alleged debt was not immediately paid. Defendants statement regarding legal suit violated multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C §§ 1692d, 1692e, 1692e(3), 1692e(4), 1692e(5), 1692e(10) and 1692f amongst others.

18. When Mr. Schwartz requested that Defendants stop "harassing" his stepdaughter, Stanley, West responded, "I'll bring you up on harassment charges," in violation of multiple and numerous provisions of the FDCPA, including but not limited to 15 U.S.C §§ 1692d, 1692e, 1692e(7), 1692e(10) and 1692f amongst others.

19. As a result of Defendants' false, deceptive, harassing and abusive telephone calls Mr. and Mrs. Schwartz have endured extreme fear, stress, anger, frustration and humiliation.

## TRIAL BY JURY

20. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

21. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

23. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs have suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages

in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICE ES AND CONSUMER

## PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

24. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

26. Plaintiffs are "consumer[s]" as defined by 73 P.S. § 2270.3 of the FCUEA.

27. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

28. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

    (a) Contacting a third party and failing to identify themselves or state that the purpose of the call is to confirm or collect location information;

    (b) Contacting a third party more than once;

    (c) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any purpose;

    (d) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

    (e) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt.

    (f) Threatening to take any action that cannot be legally taken or that is not intended to be taken;

    (g) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

    (h) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

29. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiffs to pay the debt.

30. As a result of the of the above violations of the FCUEA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT III.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs.

33. Defendants intentionally caused harm to Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

34. Plaintiffs had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

35. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

36. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;
- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT

## (FCEUA)

## 73 P.S. § 2270.1 et. seq.

## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER

## PROTECTION LAW (UTPCPL)

## 73 P.S. § 201-1 et. seq.

- for an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- for an order be entered enjoining the defendants from continuing to communicate with Plaintiffs in violation of the FCEUA and the UTPCPL;

- for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-9.2(a)

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA, FCUEA and UTPCPL violations and invasions of privacy in an amount to be determined at trial;

- punitive damages from each and every Defendant for the malicious, intentional, willful, reckless, wanton and negligent violations of the FDCPA, FCUEA and UTPCPL and invasions of privacy in an amount to be determined at trial;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: August 17, 2007

**RAPA LAW OFFICE, P.C.**

By: ___s/jr1052___
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, John Schwartz, depose and say as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
7. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 8/27/07

John Schwartz

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

I, Patricia Schwartz, depose and say as follows:

8. I am a Plaintiff in this civil proceeding.
9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
13. I have provided my attorneys with true and correct copies of each and every exhibit which has been attached to this Complaint.
14. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 8/27/07

Patricia Schwartz